1   Robert L. Starr, Bar No. 183052
    robert@starrlawmail.com
2   THE LAW OFFICES OF ROBERT L. STARR
    23277 Ventura Boulevard
3   Woodland Hills, California 91364-1002
    Telephone: (818) 225-9040
4   Facsimile:  (818) 225-9042

5   Stephen M. Harris, Bar No. 110626
    smh@kpclegal.com
6   KNAPP PETERSEN & CLARKE
    550 North Brand Boulevard, Suite 1500
7   Glendale, California 91203-1922
    Telephone: (818) 547-5000
8   Facsimile:  (818) 547-5329

9

10  Attorneys for Plaintiffs
    TRISH HERREMANS, individually, and on behalf
11  of a class of similarly situated individuals

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15  TRISH HERREMANS, individually, and      )   NO. CV14-2363 MMM PJWX
    on behalf of a class of similarly situated )
16  individuals,                             )   [CLASS ACTION]
                                             )
17                  Plaintiffs,              )   **CLASS ACTION COMPLAINT**
                                             )   **FOR:**
18          v.                               )
                                             )   1.   **Violations of California**
19  BMW OF NORTH AMERICA, LLC,               )        **Consumer Legal Remedies Act**
                                             )   2.   **Violations of Business and**
20                  Defendant.               )        **Professions Code Section**
                                             )        **17200**
21                                           )   3.   **Fraud**
                                             )
22                                           )   **DEMAND FOR JURY TRIAL**
                                             )
23                                           )
                                             )
24                                           )
                                             )
25

26

27

28

                                    -1-

## INTRODUCTION

1.   Plaintiff Trish Herremans ("Plaintiff") brings this action for herself and on behalf all persons in the States of California ("Class Members") who purchased or leased certain herein defined Mini Cooper vehicles ("Class Vehicles"), manufactured, distributed, and sold by BMW of North America, LLC, and/or its related subsidiaries or affiliates ("BMW" or "Defendant").

2.   BMW widely advertises the Class Vehicles as being of the highest quality and durability, asserting in marketing materials that "Not all small cars are created equal", and that Class Vehicles are safe and reliable vehicles.

3.   The Class Vehicles consist of all Mini Cooper R55 model vehicles (also known as model year 2007 – present Mini Cooper Clubman; All Mini Cooper R56 model vehicles (also known as model year 2007 – 2013 Mini Cooper hardtop); All Mini Cooper R57 model vehicles (also known as model year 2009 – present Mini Cooper Convertibles); All Mini Cooper R58 model vehicles (also known as model year 2012 – Mini Cooper Coupe); All Mini Cooper R59 model vehicles (also known as model year 2012 Mini Cooper Roadsters); and All Mini Cooper R60 model vehicles (also known as model year 2010 – present Mini Cooper Countrymen).

4.   Because of defects in the design, in the water pump of Class Vehicles, the Class Vehicles, and their respective water pumps, have experienced water pump problems, such as water pump leakage, and water pump noise, "the Water Pump Defect".  With regard to water pump leakage, this poses a serious safety hazard, because it can result in an effected vehicle's engine overheating.  Engine overheating can result in a catastrophic engine failure while the effected vehicle is in traffic.  When an engine fails to function in traffic, the effected vehicle loses the ability to accelerate.  Furthermore, the effected vehicle's steering and braking abilities are severely diminished, due to the power braking and power steering system not being able to properly function.  These conditions are clearly a safety

1   hazard.  Furthermore, when a water pump makes noise, the noise is often an

2   indicator that the water pump will soon leak and/or fail to function, resulting in the

3   herein described safety hazards.

4        5.     In addition to the safety hazards, the costs of the Water Pump Defect

5   to consumers can be and often are exorbitant, because consumers have been and

6   will continue to be required to pay hundreds, if not thousands of dollars both to

7   diagnose and repair the damages caused by the Water Pump Defect.  Additionally,

8   the presence of the Water Pump Defect in the Class Vehicles has resulted in the

9   vehicles having diminished value, thereby depriving plaintiffs and the Class

10  Members of the benefit of the vehicle (and its value) that they paid for.

11       6.     It is Plaintiff's information and belief that BMW, through its own

12  internal testing, records of customer complaints, dealership repair records, and

13  other internal sources, was well aware and knew of the Water Pump Defect prior to

14  BMW distributing the Class Vehicles to Mini Cooper dealerships.  Furthermore, it

15  is Plaintiff's information and belief that BMW knew of the Water Pump Defect

16  prior to Plaintiff suffering damage as a result of the Water Pump Defect.  BMW

17  failed to disclose and actively concealed the Water Pump Defect to consumers at

18  the time of purchase or lease, and thereafter.  BMW continues to conceal the

19  existence, nature, and extent of the Water Pump Defect to consumers, even though

20  the Water pup Defect is a very serious problem which poses a safety hazard to

21  purchasers and lessees of the Class Vehicles, as well as to the general public.

22       7.     BMW knew or should have known that the Class Vehicles were

23  defective and not fit for their intended purpose of providing consumers with safe

24  and reliable transportation, due to the Water Pump Defect.  Nevertheless, BMW

25  actively concealed and failed to disclose the Water Pump Defect to Plaintiff and the

26  Class Members at the time of purchase or lease and thereafter.

27

28

8.    BMW is aware of the Water Pump Defect, as stated above, but routinely denies consumers requests for reimbursement of the expenses incurred in connection with the Water Pump Defect. There have been numerous consumer complaints concerning the Water Pump Defect, lodged both with BMW and with the National Highway Traffic Safety Administration. Notwithstanding BMW's knowledge of these complaints, BMW has refused to warn consumers about the defect, has refused to remedy the Water Pump Defect, and has refused to compensate consumers for the damages resulting from this defect.

9.    As a result of BMW's misconduct alleged herein, Plaintiff and the other owners and lessees of Class Vehicles have been harmed and have suffered actual damages.  The actual damages are that Class Vehicles continue to experience mechanical failure and water pump leakage due to the Water Pump Defect, and that BMW has not reimbursed consumers for money expended due to the Water Pump Defect.

## PARTIES

**Plaintiff**

10.    Plaintiff resides in the state of California.  Herremans purchased a new 2009 Mini Cooper ("Vehicle") on or about November 15, 2008. The Vehicle was purchased primarily for personal, family and household non-commercial purposes. This vehicle was manufactured, sold, distributed, advertised, marketed and warranted by BMW, and bears the Vehicle Identification Number WMWMF73579TT95691. California Civil Code Section 1761(a), which defines goods, does not restrict its definition to goods which are new. Nor does the definition of transaction in subdivision (e) in this statute require that the good is new, and the definition of consumer in subdivision (d) does not require the item purchased by the consumer to be a new item. The same principle applies all of Plaintiff's theories.

-4-

11.     On or about February 12, 2011, at 43,667 miles, Plaintiff's Vehicle underwent repairs due to the water pump leaking. The repairs were covered by the manufacture's limited warranty. On or about January 11, 2013, at 71,272 miles, Plaintiff took the Vehicle to Nick Alexander due to the water pump leaking. This time the repairs were not covered by the manufacture's limited warranty, resulting in Plaintiff having to pay several hundred dollars for repairs. It is Plaintiff's information and belief that the water pump leaking and repairs were necessary due to the Water Pump Defect.

12.     On January 7, 2014, Plaintiff forwarded to BMW a letter pursuant to the Consumer Legal Remedies Act, requesting a remedy relating to the Water Pump Defect. BMW failed to respond substantively to the January 7, 2014 letter.

**Defendant**

BMW is a Limited Liability Company organized and in existence under the laws of the State of New Jersey and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, BMW was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components throughout the United States of America.

## JURISDICTION

13.     This is a class action.

14.     Members of the Proposed Plaintiff Class are citizens of states different from the home state of Defendant.

15.     On information and belief, aggregate claims of individual Class Members exceed $5,000,000.00, exclusive of interest and costs.

16.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d).

1

## VENUE

2     17.     BMW resides in this district such that personal jurisdiction is

3 appropriate. Defendant is deemed to reside in this district pursuant to 28 U.S.C. §

4 1391(a).

5     18.     In addition, a substantial part of the events or omissions giving rise to

6 these claims and a substantial part of the property that is the subject of this action

7 are in this district.

8     19.     Venue is thus proper in this Court pursuant to 28 U.S.C. § 1391(a).

9

10

## APPLICABLE LAW

11     20.     California State law applies to all claims in this action.

12

13

## FACTUAL ALLEGATIONS

14     21.     For years, BMW has designed, manufactured, distributed, sold, and

15 leased the Class Vehicles. BMW has sold, directly or indirectly, through dealers

16 and other retail outlets, thousands of Class Vehicles.

17     22.     Because of defects in the design, in the water pump of Class Vehicles,

18 the Class Vehicles, and their respective water pumps, have experienced water pump

19 problems, such as water pump leakage, and water pump noise, "the Water Pump

20 Defect". With regard to water pump leakage, this poses a serious safety hazard,

21 because it can result in an effected vehicle's engine overheating. Engine

22 overheating can result in a catastrophic engine failure while the effected vehicle is

23 in traffic. When an engine fails to function in traffic, the effected vehicle loses the

24 ability to accelerate. Furthermore, the effected vehicle's steering and braking

25 abilities are severely diminished, due to the power braking and power steering

26 system not being able to properly function. These conditions are clearly a safety

27 hazard, and can result in death or serious bodily injury. Furthermore, when the

28

1  water pumps make noise, the noise is often an indicator that the water pump will
2  soon leak, resulting in said safety hazards.

3      23.    The occurrence of the Water Pump Defect is the result of the water
4  pump installed in the Class Vehicles being defectively designed, manufactured, and
5  installed. Plaintiff does not know at this time if the Water Pump Defect has resulted
6  in traffic accidents, however, numerous class members have complained of the
7  Water Pump Defect.

8      24.    The Water Pump Defect is a safety hazard, both for occupants of the
9  Class Vehicles driven on the road, and for pedestrians, and occupants of other
10  vehicles on the road.

11      25.    In addition to the safety hazards, the costs of the Water Pump Defect to
12  consumers can be exorbitant, because consumers are be required to pay hundreds, if
13  not thousands of dollars both to diagnose and repair the damages caused by the
14  Water Pump Defect.   Additionally, the presence of the Water Pump Defect in the
15  Class Vehicles has resulted in the vehicles having diminished value, thereby
16  depriving Plaintiff and the Class Members of the benefit of the vehicle (and its
17  value) that they paid for.

18      26.    It is Plaintiff's information and belief that BMW, through its own
19  internal testing, records of customer complaints, dealership repair records, and
20  other internal sources, was well aware and knew of the Water Pump Defect prior to
21  BMW distributing the Class Vehicles to Mini Cooper dealerships.  Furthermore, it
22  is Plaintiff's information and belief that BMW knew of the Water Pump Defect
23  prior to Plaintiff suffering damage as a result of the Water Pump Defect.  BMW
24  failed to disclose and actively concealed the Water Pump Defect to consumers at
25  the time of purchase or lease, and thereafter.  BMW continues to conceal the
26  existence, nature, and extent of the Water Pump Defect to consumers, even though
27  the Water Pump Defect is a very serious problem which poses a safety hazard to
28  purchasers of the Class Vehicles, as well as to the general public.

27.   BMW knew or should have known that the Class Vehicles were defective and not fit for their intended purpose of providing consumers with safe and reliable transportation.  Nevertheless, BMW actively concealed and failed to disclose this defect to Plaintiffs and the Class Members at the time of purchase or lease and thereafter.

28.   BMW is aware of the Water Pump Defect, as stated above, but routinely denies consumers requests for reimbursement of the expenses incurred in connection with the Water Pump Defect. There have been numerous consumer complaints concerning the Water Pump Defect, lodged both with BMW and with the National Highway Traffic Safety Administration. BMW has refused to warn consumers about the defect, has refused to remedy the Water Pump Defect, and has refused to compensate consumers for the damages resulting from this defect, despite BMW's knowledge of the Water Pump Defect.

29.   As a result of BMW's misconduct alleged herein, Plaintiff and the other owners and lessees of Class Vehicles have been harmed and have suffered actual damages, in that the Class Vehicles continue to experience mechanical and water pump failure due to the Water Pump Defect.  Owners and lessees of Class Vehicles have incurred, and will continue to incur out of pocket unreimbursed costs and expenses relating to the Water Pump Defect.

30.   The Class Vehicles come with a basic 4 year / 50,000 mile warranty. BMW began selling the Class Vehicles in 2006.

31.   BMW refuses to cover or pay for repairs relating to the Water Pump Defect which occur outside of the warranty period.

32.   Furthermore, BMW fails to warn customers about the Water Pump Defect, and about the effects of the Water Pump Defect on the Class Vehicles, which makes the Class Vehicles susceptible to the engine overheating which can result in a catastrophic engine failure.

1        33.    It is Plaintiff's information and belief that the Water Pump Defect is a

2   pervasive defect affecting every single Class Vehicle, and posing a serious safety

3   hazard for the general public.

4

5          **BMW Has Exclusive Knowledge Of The Water Pump Defect.**

6        34.    BMW has superior and exclusive knowledge of the Water Pump

7   Defect, BMW knew that the defect was not known or reasonably discoverable by

8   Plaintiff and Class Members prior to their purchase or lease of the Class Vehicles.

9        35.    Only BMW had access to information about the significant risks

10  associated with the Water Pump Defect relating to the Class Vehicles, through

11  BMW's dealerships, pre-release testing data, warranty data, customer complaint

12  data, and replacement part sales data, among other internal sources of aggregate

13  information about the problem.

14       36.    The existence of the Water Pump Defect is a fact that would be

15  considered material by a reasonable consumer deciding whether to purchase or

16  lease a vehicle.  Had Plaintiff and other Class Members known that the Water

17  Pump Defect existed, they would not have purchased the Class Vehicles.

18  Reasonable consumers, like Plaintiff, expect and assume that a vehicle will not

19  have the Water Pump Defect, and will be safe to operate.  Plaintiff and Class

20  Members further expect and assume that BMW will not sell or lease vehicles with

21  known safety defects, such as the Water Pump Defect, and will disclose any such

22  defects to its consumers when it learns of the defect.  Reasonable consumers do not

23  expect BMW to fail to disclose the Water Pump Defect, and to refuse to fix the

24  Water Pump Defect.

25

26

27

28

**BMW Has Actively Concealed The Water Pump Defect**

37.   While BMW has been fully aware of the Water Pump Defect in the Class Vehicles, BMW has actively concealed the existence and nature of the Water Pump Defect from Plaintiff and Class Members at the time purchase or sale and thereafter.  Specifically, BMW has:

a.   failed to disclose, at and after the time of purchase or lease and repair, any and all known material defects or material nonconformity of the Class Vehicles, including the Water Pump Defect;

b.   failed to disclose at the time of purchase or lease that the Class Vehicles were not in good in working order, were defective, and were not fit for their intended purposes; and

c.   failed to disclose or actively concealed the fact that the Class Vehicles were defective, despite the fact that BMW learned of the Water Pump Defect through consumer complaints as, as well as through other internal sources.

38.   BMW has concealed the defect from consumers by not disclosing the true nature of the Water Pump Defect to Class Members, by not disclosing to Class Members that the repairs that are made in response to complaints relating to the Water Pump Defect are not permanent fixes for the problem, and by failing to disclose to Class Members that the Water Pump Defect is a serious safety hazard.

39.   To this day, BMW still has not notified Plaintiff and the Class Members that their vehicles suffer from the Water Pump Defect, which is a systemic defect, and BMW has not reimbursed consumers for money paid by consumers to diagnose and/or repair the problem.

40.   Plaintiff and Class Members have expended money to make repairs as a result of the Water Pump Defect, despite BMW's knowledge of the defect.

41.   The Members of the Class have not received the value for which they bargained when they purchased or leased the Class Vehicles.

42.     As a result of the defects, the value of the Class Vehicles has diminished, including without limitation re-sale value.

## TOLLING OF THE STATUTE OF LIMITATIONS

43.     Since the defects in the design or manufacture of the Class Vehicles cannot be detected until the defect manifests itself, Plaintiff and the Class Members were not reasonably able to discover the problem until after purchasing or leasing the Class Vehicles, despite their exercise of due diligence.

44.     Plaintiff and the Class Members had no realistic ability to discern that the Class Vehicles were defective until after Plaintiff and the Class Members experienced the Water Pump Defect.  In addition, despite their due diligence, Plaintiff and the Class Members could not reasonably have been expected to learn or discover that they were deceived and that material information concerning the Class Vehicles had been concealed from them until manifestation of the Water Pump Defect.  Therefore, the discovery rule is applicable to the claims asserted by Plaintiff and the Class Members.

45.     Upon information and belief, BMW has known of the defect in the Class Vehicles, and has concealed from or failed to alert owners and lessees of the Class Vehicles of the full and complete nature of the Water Pump Defect.

46.     Any applicable statute of limitation has therefore been tolled by BMW's knowledge, active concealment, and denial of the facts alleged herein.  BMW is further estopped from relying on any statute of limitation because of its concealment of the defective nature of the Class Vehicles.

## CLASS ACTION ALLEGATIONS

47.     Plaintiff brings this lawsuit as a class action on behalf of herself and all other Class Members similarly situated as members of the proposed Plaintiff Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).  This

-11-

1   action satisfies the numerosity, commonality, typicality, adequacy, predominance,
2   and superiority requirements of those provisions.

3        48.   The Class and Sub-Class are defined as:

4             Class: All Persons in the State of California who purchased
5             or leased a Class Vehicle.

6             Sub-Class:   All Class Members who are "consumers" within
7             the meaning of California Civil Code § 1761(d) Excluded
8             from the Class and Sub-Classes are: (1) Defendant, any
9             entity or division in which Defendant has a controlling
10            interest, and its legal representatives, officers, directors,
11            assigns, and successors; (2) the Judge to whom this case is
12            assigned and the Judge's staff; and (3) those persons who
13            have suffered personal injuries as a result of the facts alleged
14            herein.  Plaintiffs reserve the right to amend the Class and
15            Sub-Classes definitions if discovery and further
16            investigation reveal that the Class and Sub-Classes should
17            be expanded or otherwise modified.

18       49.   Numerosity: Although the exact number of Class Members is uncertain
19  and can only be ascertained through appropriate discovery, the number is great
20  enough such that joinder is impracticable.  The disposition of the claims of these
21  Class Members in a single action will provide substantial benefits to all parties and
22  to the Court.  The Class Members are readily identifiable from information and
23  records in Defendant's possession, custody, or control, as well as from records kept
24  by the applicable State Department of Motor Vehicles.

25       50.   Typicality: The claims of the representative Plaintiff are typical of the
26  claims of the Class in that the representative Plaintiffs, like all Class Members,
27  purchased and/or leased a Class Vehicle designed, manufactured, and distributed by
28  BMW.  The representative Plaintiff, like all Class Members, has been damaged by

-12-

1    Defendant's misconduct in that she has incurred or will incur the cost of repairs

2    relating to the Water Pump Defect.  Furthermore, the factual bases of BMW's

3    misconduct are common to all Class Members and represent a common thread of

4    fraudulent, deliberate, and negligent misconduct resulting in injury to all Class

5    Members.

6        51.    Commonality: There are numerous questions of law and fact common

7    to Plaintiff and the Class that predominate over any question affecting only

8    individual Class Members.  These common legal and factual issues include the

9    following:

10           a.    whether the Class Vehicles suffer from the Water Pump Defect;

11           b.    whether the Water Pump Defect constitutes an unreasonable

12   safety risk;

13           c.    whether Defendant knows about the Water Pump Defect and, if

14   so, how long Defendant has known of the defect;

15           d.    whether the defective nature of the Class Vehicles constitutes a

16   material fact;

17           e.    whether Defendant has a duty to disclose the defective nature of

18   the Class Vehicles to Plaintiffs and Class Members;

19           f.    whether Plaintiffs and the other Class Members are entitled to

20   equitable relief, including but not limited to a preliminary and/or permanent

21   injunction.

22           g.    Whether Defendant knew or reasonably should have known of

23   the Water Pump Defect in the Class Vehicles before it sold or leased them to Class

24   Members;

25           h.    Whether Defendant should be declared financially responsible

26   for notifying all Class Members of the problems with the Class Vehicles and for the

27   costs and expenses of repair and replacement of the Class Vehicles;

28

i.     Whether Defendant breached the express terms of its own warranty by refusing to pay for repairs relating to the Water Pump Defect during the term of the warranty;

j.     Whether Defendant concealed and refused to disclose the nature of the Water Pump Defect from purchasers and lessees of Class Vehicles at the time of sale and otherwise.

52.   <u>Adequate Representation</u>: Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

53.   <u>Predominance and Superiority</u>: Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

# FIRST CAUSE OF ACTION

(Violation of California's Consumer Legal Remedies Act,

California Civil Code § 1750, *et seq.*

54.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

55.   Plaintiff brings this cause of action on behalf of herself and on behalf of the members of the Sub-Class.

56.   Defendant is a "person" as defined by California Civil Code § 1761(c) and defendant is guilty of committing representations.

57.   Plaintiff and Class Members are "consumers" or "persons" within the meaning of California Civil Code § 1761(d).

58.   By failing to disclose and concealing the defective nature of the Class Vehicles from Plaintiff and prospective Class Members, Defendant violated California Civil Code § 1770(a), as it made representations which were deceptive, represented that Class Vehicles had characteristics and benefits that they do not have, represented that the Class Vehicles were of a particular standard, quality, or grade when they were of another, and advertised the vehicles with the intent not to sell them as advertised. *See* Cal. Civ. Code §§ 1770(a) (4) (5) (7) & (9).

59.   Defendant's unfair and deceptive acts or practices occurred repeatedly in Defendant's trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

60.   Defendant knew that the Class Vehicles suffered from an inherent defect, were defectively designed or manufactured, would fail prematurely, and were not suitable for their intended use.

61.   Defendant was under a duty to Plaintiff and the Class Members to disclose the defective nature of the Water Pump Defect, as well as the associated costs that would have to frequently be expended in order to repair the Class Vehicles due to the Water Pump Defect, because:

a. Defendant was in a superior position to know the true state of facts about the safety defect in the Class Vehicles, and relating to the Water Pump Defect;

b. Plaintiff and the Class Members could not reasonably have been expected to learn or discover that the Class Vehicles had a dangerous safety defect until manifestation of the defect; and

c. Defendant knew that Plaintiff and the Class Members could not reasonably have been expected to learn or discover the safety defect.

62. In failing to disclose the defective nature of the Class Vehicles, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

63. The facts concealed or not disclosed by Defendant to Plaintiff and the Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether or not to purchase a Class Vehicle. Had Plaintiff and other Class Members known that the Class Vehicles had the Water Pump Defect, they would not have purchased a Class Vehicle.

64. Plaintiff and the Class Members are reasonable consumers who do not expect their Class Vehicles will experience a manifestation of the Water Pump Defect. That is the reasonable and objective consumer expectation relating to the Water Pump Defect.

65. As a result of Defendant's conduct, Plaintiff and Class Members have been harmed and have suffered actual damages in that the Class Vehicles are continually experiencing the Water Pump Defect, causing inconvenience, creating a serious safety hazard, and causing Class Members to spend money.

66. As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiff and Class Members have suffered and will continue to suffer actual damages.

67. Plaintiff and the Class are entitled to equitable relief.

68.   Plaintiff has provided BMW with notice of its alleged violations of the CLRA pursuant to California Civil Code § 1782(a).  BMW failed to provide the appropriate relief for its violation of the CLRA within 30 days of the date of the notification letter.  A true and correct copy of the letter is attached hereto as exhibit 1.

69.   Thus, Plaintiffs, pursuant to § 1782(a) of the Civil Code, also seeks actual, statutory, and punitive damages in addition to equitable relief.

## SECOND CAUSE OF ACTION

(Violation of UCL California Business & Professions Code § 17200, *et seq.*)

70.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

71.   Plaintiff brings this cause of action on behalf of herself and on behalf of the Class Members.

72.   California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

73.   Plaintiff and the Class Members are reasonable consumers who do not expect their Class Vehicles to experience water pump failure due to the Water Pump Defect.  That is the reasonable and objective consumer expectation relating to the Class Vehicles.

74.   It is Plaintiff's information and belief that Defendant knew that the Class Vehicles suffered from an inherent defect, were defectively designed or manufactured, would experience the Water Pump Defect, and were not suitable for their intended use.

75.   In failing to disclose the Water Pump Defect, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

-17-

76.     Defendant was under a duty to Plaintiff and the Class Members to disclose the defective nature of the Class Vehicles because:

a.     Defendant was in a superior position to know the true state of facts about the Water Pump Defect in the Class Vehicles;

b.     Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles; and,

c.     Defendant actively concealed the defective nature of the Class Vehicles from Plaintiff and the Class Members.

77.     The facts concealed or not disclosed by Defendant to Plaintiff and the Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase the Class Vehicles.  Had Plaintiff and other Class Members known that the Class Vehicles had the Water Pump Defect, Plaintiff and the Class Members would not have purchased Class Vehicles.

78.     Defendant continued to conceal the defective nature of the Class Vehicles even after Class Members began to report problems.  Indeed, Defendant continues to cover up and conceal the true nature of the problem.  Defendant has failed to disclose to consumers that the Water Pump Defect exists.  Defendant has also failed to reimburse consumers for costs incurred in connection with the Water Pump Defect.

79.     By its conduct, Defendant has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

80.     Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

81.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

-18-

82.     Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the Business & Professions Code.

### THIRD CAUSE OF ACTION

(Fraud by Omission)

83.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

84.     It is Plaintiff's information and belief that BMW knew or should have known that the Water Pump Defect in its Class Vehicles was a condition rendering the Class Vehicles defectively designed or manufactured, causing the Class Vehicles to fail prematurely and rendering the vehicles not suitable for their intended use.

85.     Defendant concealed from and failed to disclose to Plaintiffs and the Class the defective nature of the Class Vehicles' water pumps.

86.     Defendant was under a duty to Plaintiff and the Class to disclose the defective nature of the Water Pump Defect because:

a.     Defendant was in a superior position to know the true state of facts about the Water Pump Defect in the Class Vehicles;

b.     Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles; and

c.     Defendant actively concealed the defective nature of the Class Vehicles from Plaintiff and the Class.

87.     The facts concealed or not disclosed by Defendant to Plaintiff and the Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase the Class Vehicles.  Had Plaintiff and other Class Members known that the Class Vehicles had the Water Pump Defect, Plaintiff and the Class Members would not have purchased and

-19-

1   leased Class Vehicles, or would have paid less for them.

2       88.   Defendant continued to conceal the defective nature of the Class

3   Vehicles even after Class Members began to report problems.  Indeed, Defendant

4   continues to cover up and conceal the true nature of the problem.

5       89.   Defendant concealed or failed to disclose the true nature of the design

6   or manufacturing defect consisting of the Water Pump Defect existing in its Class

7   Vehicles to induce Plaintiff and the Class to act thereon. Plaintiff and the Class

8   Members justifiably relied on the omission to their detriment. This detriment is

9   evident from Plaintiff's and Class Members' purchase or lease of Defendant's Class

10  Vehicles.

11      90.   Defendant continued to conceal the defective nature of the Class

12  Vehicles' water pumps even after Members of the Class began to report problems.

13  Indeed, Defendant continues to cover up and conceal the true nature of the problem

14  today, including denying reimbursement of repair costs related to repairs that have

15  been necessary due to the Water Pump Defect.

16      91.   As a direct and proximate result of Defendant's misconduct, Plaintiff

17  and the Class Members have suffered and will continue to suffer actual damages

18

19                  **RELIEF REQUESTED**

20      92.   Plaintiff, on behalf of herself, and all others similarly situated, requests

21  the Court to enter judgment against Defendant, as follows:

22              a.   An order certifying the proposed Class and  Sub-Classes,

23  designating Plaintiff as named representatives of the Class, and designating the

24  Plaintiff's Counsel as Class Counsel;

25              b.   A declaration that Defendant is financially responsible for

26  notifying all Class Members about the defective nature of the Class Vehicles;

27              c.   An order enjoining Defendant from further deceptive

28  distribution, sales, and lease practices with respect to the Class Vehicles, and to

1   repair the Class Vehicles so that they will no longer possess the Water Pump

2   Defect;

3                d.      An award to Plaintiff and the Class of compensatory, exemplary,

4   and statutory damages, including interest, in an amount to be proven at trial;

5                e.      An award to Plaintiff and the Class of any repair costs they are

6   owed;

7                f.      A declaration that Defendant must disgorge, for the benefit of

8   the Class, all or part of the ill-gotten profits it received from the sale or lease of the

9   Class Vehicles, or make full restitution to Plaintiff and Class Members;

10               g.      An award of attorneys' fees and costs, as allowed by law;

11               h.      An award of attorneys' fees and costs pursuant to California

12  Code of Civil Procedure § 1021.5.

13               i.      An award of pre-judgment and post-judgment interest, as

14  provided by law;

15               j.      Leave to amend the Complaint to conform to the evidence

16  produced at trial; and

17               k.      Such other relief as may be appropriate under the circumstances.

18

19

20  Dated:  March 27, 2014           The Law Office of Robert L. Starr

21

22                      By: _____

23                        Robert L. Starr, Esq.
                          Attorneys for Plaintiff

24                        TRISH HERREMANS,
                          individually, and on behalf of a class

25                        of similarly situated individuals

26

27

28

## **DEMAND FOR JURY TRIAL**

93.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  March 27, 2014                              The Law Office of Robert L. Starr

By: _____

Robert L. Starr, Esq.
Attorneys for Plaintiff
TRISH HERREMANS,
individually, and on behalf of a class
of similarly situated individuals

Exhibit "1"

The Law Office Of
## ROBERT L. STARR
23277 Ventura Boulevard
Woodland Hills, California, 91364
Telephone (818) 225-9040
Facsimile (818) 225-9042

January 7, 2014

BY Certified Mail Return Receipt Requested
And First Class Mail Number:

Ludwig Willisch
Chief Executive Officer
BMW of North America, LLC
300 Chestnut Ridge Road
Woodcliff Lake, New Jersey 07677
Return Receipt # 7012 0470 0002 4772 9206

BMW of North America, LLC
Care of CT Corporation System
818 7th Street
Los Angeles, California 90017
Return Receipt # 7012 0470 0002 4772 9329

CLRA Letter Re:  Min Cooper Water Pump Defect

To Whom it May Concern:

I am writing this letter on behalf of my client Trish Herremans ("HERREMANS").

Pursuant to the California Consumer Legal Remedies Act (California Civil Code section 1750 *et seq.*,) and specifically, sections 1782 (a)(1) and (2), I hereby notify you that BMW of North America, LLC ("BMW") has violated section 1770 of the CLRA by warranting, advertising, and selling defective vehicles, that it knew, or should have known, are and were at the time of sale defective, to thousands of consumers in California and throughout the United States.  After selling said defective vehicles, BMW refused to provide coverage for defects, mechanical breakdowns, and damage that directly related to said known defects.

The BMW vehicles which relate to this correspondence are as follows, including the base, the S, and the John Cooper Works:

1

*All Mini Cooper R55 model vehicles (also known as model year 2007- present Min Cooper Clubman);*

*All Mini Cooper R56 (also known as model year 2006-2013 Mini Cooper hardtop);*

*All Mini Cooper R57 model vehicles (also known as Model Year 2009-present Mini Cooper convertibles);*

*All Mini Cooper R58 model vehicles (also known as Model Year 2012-present Mini Cooper Coupe);*

*All Mini Cooper R59 model vehicles (also known as Model Year 2012-present Mini Cooper Roadster);*

*All Mini Cooper R60 model vehicles (also known as Model Year 2010-present Mini Cooper Countryman).*

All of the above described vehicles are herein referred to as CLASS VEHICLE, or CLASS VEHICLES.  All persons who have owned or leased, and who currently own or lease CLASS VEHICLES are referred to herein as CLASS MEMBERS.

Numerous CLASS MEMBERS have reported that CLASS VEHICLES have experienced water pump problems, such as water pump leakage, and water pump noise ("WATER PUMP DEFECT").  With regard to water pump leakage, this poses a serious safety hazard, because it can result in an effected vehicle's engine overheating.  Engine overheating can result in an effected vehicle's engine failing to function while the effected vehicle is in traffic.  When an engine fails to function in traffic, the effected vehicle loses the ability to accelerate.  Furthermore, the effected vehicle's steering and braking abilities are severely diminished, due to the power braking and power steering systems not being able to properly function.  These conditions are clearly a safety hazard.  Furthermore, when water pumps make noise, the noise is often an indicator that the water pump will soon leak and/or fail to function, resulting in potential engine overheating and failure.

BMW has represented to consumers in BMW and Mini Cooper marketing materials that Mini Cooper vehicles are of good quality, reliable and safe.  Unfortunately, due to the WATER PUMP DEFECT, the CLASS VEHICLES are not of good quality, are not reliable, and are not safe.  To date BMW has not disclosed the WATER PUMPT DEFECT to consumers, has concealed the WATER PUMP DEFECT from consumers, and has not made any actual effort to immediately protect consumers from the serious safety problems relating to the WATER PUMP DEFECT.  The nature of the WATER PUMP DEFECT is such that if it is not resolved, it is very likely that people will be seriously injured and killed.

I represent HERREMANS, a consumer who resides in California.  HERREMANS has suffered damage and out of pocket expenses as a result of the WATER PUMP DEFECT.

2

HERREMANS is the owner of a 2009 Mini Cooper S, vin # WMWMF73579TT95691
(HERREMANS VEHICLE). HERREMANS purchased the HERREMANS VEHICLE as a
new vehicle on or about November 15, 2008. On or about February 12, 2011, the
HERREMANS VEHICLE underwent repairs due to the water pump leaking. The repairs
were covered under the warranty. On or about January 11, 2013, the HERREMANS
VEHICLE underwent repairs again due to the water pump leaking. This time the repairs
were not covered under the warranty, resulting in HERREMANS having to pay over
$1,700.00 for repairs. Enclosed with this correspondence are the repair records relating to
the water pump leaking. The repairs were necessary not as a result of normal maintenance,
but as a result of a defect relating to the water pump.

    At no time prior to HERREMANS purchasing the HERREMANS VEHICLE did BMW
disclose the WATER PUMP DEFECT to HERREMANS, or to the general public.
Furthermore, it is HERREMANS understands that BMW has not disclosed or even
acknowledged the existence of the WATER PUMP DEFECT to any consumers prior to
consumers purchasing CLASS VEHICLES, or at any subsequent time.

    It is HERREMANS' information and belief that BMW, through its own internal testing,
records of customer complaints, dealership repair orders, and other internal sources, was well
aware and knew of the WATER PUMP DEFECT prior to BMW distributing the CLASS
VEHICLES to Mini Cooper dealerships. Furthermore, it is HERREMANS' information and
belief that BMW knew of the WATER PUMP DEFECT prior to HERREMANS suffering
damage as a result of the WATER PUMP DEFECT. BMW failed to disclose and actively
concealed the WATER PUMP DEFECT to consumers at the time of purchase or lease, and
thereafter. BMW continues to conceal the existence, nature, and extent of the WATER
PUMP DEFECT to consumers, even though the WATER PUMP DEFECT is a very serious
problem which poses a safety hazard to purchasers of the CLASS VEHICLES, as well as to
the general public.

    It is HERREMANS' information and belief that even to this day, BMW has not
implemented a fix relating to the WATER PUMP DEFECT in order to resolve the WATER
PUMP DEFECT in the CLASS VEHICLES.

    BMW's conduct in warranting, advertising, and selling the CLASS VEHICLES, knowing
that they contain the WATER PUMP DEFECT constitutes the following violations of section
1770:

    1.    BMW represented that the VEHICLES had characteristics or benefits which they
did not have (Section 1770(a)(5));

    2.    BMW has falsely represented that the VEHICLES were of a particular standard,
quality, or grade when they are of another (Section 1770(a)(7)); and

    3.    BMW advertised the VEHICLES with the intent not to sell them as advertised

(Section 1770(a)(9)).

Pursuant to section 1782 of the CLRA, based on the foregoing, we hereby demand that within thirty (30) days of receiving this letter, BMW:

1.     Make all necessary repairs to all CLASS VEHICLES, so as to remedy all of the problems associated with the WATER PUMP DEFECT;

2.     Provide monetary compensation, plus interest, to HERREMANS and other owners and lessees of CLASS VEHICLES, relating to all of the damages that these consumers have suffered as a result of the WATER PUMP DEFECT;

3.     Repurchase each of the CLASS VEHICLES, and provide restitution of all damages, as allowed under California Civil Code Section 1793.2, 1793.22, 1794, and the Consumer Legal Remedies Act, inclusive of incidental and consequential damages that have resulted from the WATER PUMP DEFECT, and attorney's fees and costs.

Unless BMW takes such action as demanded above within (30) days after your receipt of this letter, I will file a lawsuit against BMW on behalf of HERREMANS, and each other consumer similarly situated, seeking restitution damages, and other damages as allowed under California Civil Code Section 1782, 1793.2, 1793.22, 1794, under the Consumer Legal Remedies Act, as well as other related causes of action.

This demand is made pursuant to the rights and remedies allowed pursuant to 1782 of the CLRA.  If you have any questions regarding this notice and demand, please contact me at (818) 225-9040.

Very truly yours,

Robert Starr, Esq.

Enc.

4

CUSTOMER #: 1000149?9

358580

**ALEXANDER**

INVOICE

NICK ALEXANDER MINI
6333 S. ALAMEDA STREET
LOS ANGELES, CA 90001-1821
(323) 583-1901
Fax (323) 277-8212

BAR #: AR0067483   GRA #: CARD0007/1689

TRISH HERRELINS
848 MIDDLETON AVE. E33
LOS ANGELES, CA 90001
HOME: 818-426-1527  CONT:N/A
BUS:           CELL:818-426-1527

PAGE  1

SERVICE ADVISOR:  714 IVAN A MONTEJANO

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|---|---|---|---|---|---|---|
| ORG/GREEN | 09 | MINI COOPER/SCV | WMWMF73579TU93691 | 6GHP603 | 43667/43667 | 13711 |

| DEL.DATE | PROD.DATE | WARR.EXP | PROMISED | PO NO | RATE | PAYMENT | INV.DATE |
|---|---|---|---|---|---|---|---|
| 25NOV09 DL |  |  | 17:00 12FEB11 |  |  | CASH | 12FEB11 |

R.O. OPENED       READY      OPTIONS : ENG:1.6 Liter

R.O. 12FEB11 16:16 12FEB

| LINE OPCODE TECH TYPE HOURS | | LIST | NET | TOTAL |
|---|---|---|---|---|
| A CUSTOMER STATES REAR AND FRNT HEADLIGHT ARE OUT | | | | |
| C402 REPLACED HEADLIGHT BULB | | | | (N/C) |
| 348  WMC  0.00 | | | | (N/C) |
| 1 51-7-190-591 BULB-074000 | | | | |
| PARTS   0.00  LABOR   0.00 OTHER   0.00  TOTAL LINE A: | | | | 0.00 |

| B CUST STATES TEMP LIGHT COMES OUT AT TIMES | | | | |
| C100 REPLACED WATER PUMP FOUND LEAKING | | | | (N/C) |
| 348  WMC  0.00 | | | | (N/C) |
| 2 82-14-9-061-135 ANTIFREEZE-B32540 | | | | (N/C) |
| 1 51-7-559-484 PMPD WATER PUMP-115019 | | | | (N/C) |
| 1 11-28-7-598-832 FRICTION WHEEL-11283958 | | | | |
| PARTS   0.00  LABOR   0.00 OTHER   0.00  TOTAL LINE B: | | | | 0.00 |

43667 WATER PUMP LEAKING REPLACED WATER PUMP.

| C PERFORM A 52 POINT VEHICLE INSPECTION AS A COMPLEMENTARY SERVICE | | | | |
| CM55  CLIENT REQUESTED | | | | |
| 52 PERFORM A 52 POINT VEHICLE INSPECTION AS A | | | | |
| COMPLEMENTARY SERVICE | | | | |
| 348  TENT  0.00 | | | | (N/C) |
| PARTS   0.00  LABOR   0.00 OTHER   0.00  TOTAL LINE C: | | | | 0.00 |

| D CUST STATES REAR BRAKE LIGHT IS OUT PLEASE CHECK AND ADVISE | | | | |
| C100 BODY EQUIPMENT | | | | (N/C) |
| 348  WMC  0.00 | | | | (N/C) |
| PARTS   0.00  LABOR   0.00 OTHER   0.00  TOTAL LINE D: | | | | 0.00 |

NOTICE TO CONSUMER:

ORIGINAL
ESTIMATE

REVISED
ESTIMATE

AUTHORIZED
REVISED
ESTIMATE

CUSTOMER SIGNATURE

STATEMENT OF DISCLAIMER

CUSTOMER SIGNATURE

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT |  |
| PARTS AMOUNT |  |
| GAS,OIL,LUBE |  |
| SUBLET AMOUNT |  |
| MISC. CHARGES |  |
| TOTAL CHARGES |  |
| LESS INSURANCE |  |
| SALES TAX |  |
| PLEASE PAY THIS AMOUNT |  |

NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK

CUSTOMER COPY

# ALEXANDER

CUSTOMER #  100619479

*INVOICE*

358580

NICK ALEXANDER MINI
6150 S ALAMEDA STREET
LOS ANGELES CA 90001-1821
(370) 563-1901
Fax (323) 277-8212

BAR # CA00067400   EPA # CA000071688

PAGE 2

SERVICE ADVISOR:   714  IVAN A MONTEJANO

| COLOR | YEAR | MAKE/MODEL | | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|-------|------|-----------|---|-----|---------|---------------|-----|
| CAG/GREEN | 09 | MINI COOPER SCV | | WMWMF735 91TJ95632 | 6GHF603 | 43567/43567 | 137411 |

| DEL DATE | PROD DATE | WARR EXP | PROMISED | PO NO. | DATE | PAYMENT | INV DATE |
|----------|-----------|----------|----------|--------|------|---------|----------|
| 16NOV09 DI | | | 17:00  23DEC11 | | | CASH | 23DEC11 |

| R.O. OPENED | | READY | OPTIONS | ENG 1.5S LITER |
|-------------|--|-------|---------|-----------------|
| 07:59  12FEB11 | 16:36  12FEB11 | | | |

LINE  OPCODE  TECH  TYPE  HOURS                                    LIST      NET      TOTAL

THANK YOU FOR CHOOSING NICK ALEXANDER IMPORTS
LOANERS/RENTALS ARE FOR 1 DAY, UNLESS THEY'RE
PREAUTHORIZED BY THE MANAGER. A CHARGE OF $90
PER DAY WILL APPLY AFTER THE FIRST DAY. 100
MILES PER DAY FREE.

| DESCRIPTION | TOTALS |
|-------------|--------|
| LABOR AMOUNT | 0.00 |
| PARTS AMOUNT | 0.00 |
| GAS, OIL, LUBE | 0.00 |
| SUBLET AMOUNT | 0.00 |
| MISC. CHARGES | 0.00 |
| TOTAL CHARGES | 0.00 |
| LESS INSURANCE | 0.00 |
| SALES TAX | 0.00 |
| PLEASE PAY THIS AMOUNT | 0.00 |

NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK

CUSTOMER COPY

**ALEXANDER**

NICK ALEXANDER MINI
6201 S. ALAMEDA STREET
LOS ANGELES, CA 90001-1927
(323) 583-9101
Fax (323) 277-8212

CUSTOMER #: 1000154?3

399601

* INVOICE *

BAR # ARD0674488   EPA # CAR000071688

| CUSTOMER | | | SERVICE ADVISOR   714: IVAN A. MONTEJANO |
|---|---|---|---|

TRIEH PERREMANS
642 MOUNTON AVE #33
LOS ANGELES, CA 90001
HOME: 213-128-4527 CONT: N/A
BUS:             CELL: 818-428-4527

PAGE 1

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN / OUT | TAG |
|---|---|---|---|---|---|---|
| GREEN | 09 | MINI COOPER S CV | WMWMF7357?9TW939L | 5GHB603 | 71272/71286 | E7605 |

| DEL DATE | PROD DATE | WARR EXP | PROMISED | PO NO. | RATE | PAYMENT | INV DATE |
|---|---|---|---|---|---|---|---|
| 15NOV08 01 | | | 17:00 16JAN13 | | | CASH | 17JAN13 |

LINE OPCODE TECH TYPE HOURS                              LIST     NET     TOTAL

A VEHICLE TOWED IN DUE TO UNSAFE DRIVABILITY CONDITIONS
    TOW VEHICLE TOWED IN DUE TO UNSAFE DRIVABILITY
        CONDITIONS
    355   TEM  8.00
PARTS    0.00  LABOR    0.00  OTHER    0.00   TOTAL LINE A            0.00

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

B CUSTOMER STATES COOLANT LIGHT IS ON
    5100 BODY EQUIPMENT
        355   CPM  7.50                                1415.99  1415.99  1415.99
        11 71 7 550 881 REMANUFACTURED COOLANT
        PUMP W11015                                     175.55   175.55   175.55
        11 53 7 ? 0 0-9-2 3E ANTIFREEZE S 25011        23.80    23.80    23.80
        11 53 ? 551 5521 THERMOSTAT HOUSING WITH
        THER W11010                                     114.58   114.58   114.58
PARTS   313.93  LABOR  1415.99  OTHER    0.00  TOTAL LINE B           1729.92

T1296 THERMOSTAT STUCK OPEN AND WATERPUMP LEAKING COOLANT VERIFIED
CONCERN FAN SHORT TEST FOUND FAULTY SPARES FOR THERMOSTAT PERFORMED
TEST PLAN CHECKED WIRING FROM THE TO TEMP SENSOR ON THERMOSTAT BOTH
WIRES LESS THAN 1 OHM AND 12V PRESENT DETERMINED THERMOSTAT FAULTY NEXT
PRESSURE TESTED COOLING SYSTEM FOUND LEAK FROM SEAL REPLACED THERMOSTAT
AND WATERPUMP TED CUSTOMER AUTHORIZATION FUEL SYSTEM USED 1 BOTTLE OF
FLUID ROAD TESTED VERIFIED NO OVERHEAT OR SES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

C CUSTOMER REQUEST PERFORM A 32 POINT VEHICLE INSPECTION AS A
    COMPLIMENTARY SERVICE
CUST CLIENT REQUESTED
    CUSTOMER REQUEST PERFORM A 32 POINT VEHICLE
    INSPECTION AS A COMPLIMENTARY SERVICE
    355   TPM  0.00                                                   (N/C)
PARTS    0.00  LABOR    0.00  OTHER    0.00  TOTAL LINE C             0.00

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

NOTICE TO CONSUMER

STATEMENT OF DISCLAIMER

| DESCRIPTION | TOTALS |
|---|---|
| LABOR AMOUNT | |
| PARTS AMOUNT | |
| GAS, OIL, LUBE | |
| SUBLET AMOUNT | |
| MISC. CHARGES | |
| TOTAL CHARGES | |
| LESS INSURANCE | |
| SALES TAX | |
| PLEASE PAY THIS AMOUNT | |

ORIGINAL
ESTIMATE

AUTHORIZED
REVISED
ESTIMATE

CUSTOMER SIGNATURE

CUSTOMER SIGNATURE

NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK

CUSTOMER COPY

# ALEXANDER

NICK ALEXANDER MINI
6201 S. ALAMEDA STREET
LOS ANGELES, CA 90001-1821
(323) 583-2100
Fax (323) 277-5212

CUSTOMER #: 10001947

INVOICE #:

399601

PAGE 2

SERVICE ADVISOR: 744 IVAN A. MONTEJANO

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|---|---|---|---|---|---|---|
| GRN | 09 | MINI COOPER S/V | WMWMS33589TL95695 | 6GHR603 | 71272/71286 | 72603 |

| DEL. DATE | PROD. DATE | WARR. EXP. | PROMISED | PO NO. | RATE | PAYMENT | INV. DATE |
|---|---|---|---|---|---|---|---|
| 16NOV09 DE | | | 1700 16JAN13 | | | CASH | 17JAN13 |

CUSTOMER COPY

ALEXANDER

NICK ALEXANDER MINI
6201 S. ALAMEDA STREET
LOS ANGELES, CA 90001-1831
(323) 583-1901
FAX (323) 277-2272

399601

**INVOICE**

CUSTOMER # 100002937?

TRISH HERRSMANS
6412 MOULTON AVE E35 1
LOS ANGELES, CA 90031
HOME (818)-926-1627 CONTACT:
BUS (818)-926-1627

PAGE 3

SERVICE ADVISOR 714 IVAN A MONTESANO

| COLOR | YEAR | MAKE/MODEL | VIN | LICENSE | MILEAGE IN/OUT | TAG |
|-------|------|-----------|-----|---------|----------------|-----|
| OXFGREEN | 2009 | MINI COOPER SCV | WMWMF745?9TU3?5503 | 5GHP603 | 71282/71286 | T7605 |

| DEL DATE | PROD DATE | WARR EXP | PROMISED | POUND | RATE | PAYMENT | INV DATE |
|----------|-----------|----------|----------|-------|------|---------|----------|
| 15NOV09DB | | | 17:00 16JAN13 | | | CASH | 17JAN13 |

R.O. OPENED     READY     OPTIONS   ENG 1.6L 511 B?

17:52 11JAN13  11:38 17JAN13

| LINE OP CODE TECH TYPE HOURS | LIST | NET | TOTAL |
|------------------------------|------|-----|-------|
| | | | |

712B? MAINTENANCE PERFORMED INSPECTION OF FRONT PADS LEFT-5 0/4.0MM
RIGHT 5 0/4.0MM ROTORS LEFT 20.0MM RIGHT 20.0MM REPLACED PADS SENSOR
THEN REPET OBS VERIFIED NORMAL BRAKING

G** INSP FOUND VALVE COVER LEAKING / REPLACE COVER
8800 BODY EQUIPMENT

| | | | 135.00 | 135.00 |
| 1B 11B2 CYLINDER HEAD COVER 11020 | 300.56 | 300.56 | 300.56 |
| 1B 11B 47 954 MOTOR OIL SAE 5W-30 | | | |
| LONGLIFE 11511 | | 7.45 | 17.45 |
| PART 308.01 LABOR 135.00 OTHER 0.00 TOTAL LINE G: | | | 447.01 |

712B? VALVE COVER ENGINE VENTILATION LEAKING DURING INSPECTION
FOUND OIL LEAK FROM VALVE COVER ENGINE VENTILATION SYSTEM REPLACED
VALVE COVER VERIFIED NO LEAK AFTER REPAIR USED 1 QT OF MOTOR OIL TO
TOP OFF

H** PERFORM COMPUTERIZED 4 WHEEL ALIGNMENT SET SUSPENSION AND STEERING
COMPONENTS TO FACTORY SPECS
ALIGN PERFORM COMPUTERIZED 4 WHEEL ALIGNMENT SET
SUSPENSION AND STEERING COMPONENTS TO
FACTORY SPEC

| | | | 299.00 | 299.00 |
| PART 0.00 LABOR 299.00 OTHER 0.00 TOTAL LINE H: | | | 299.00 |

712B? ALIGNMENT PERFORMED ALIGNMENT TO MINI SPECS AFTER ADJUSMENTS
ROAD TESTED VERIFIED STEERING WAS CENTERED AND NO PULLING LEFT A COPY
OF THE SPECS IN THE VEHICLE

THANK YOU FOR CHOOSING NICK ALEXANDER IMPORTS
LOANERS/RENTALS ARE FOR 1 DAY, UNLESS THEY ARE
PREAUTHORIZED BY THE MANAGER  A CHARGE OF $90
PER DAY WILL APPLY AFTER THE FIRST DAY. 100
MILES PER DAY FREE!!!

| DESCRIPTION | TOTALS |
|-------------|--------|
| LABOR AMOUNT | 1853.99 |
| PARTS AMOUNT | 521.94 |
| GAS/OIL/LUBE | 0.00? |
| SUBLET AMOUNT | 0.00 |
| MISC CHARGES | 0.00 |
| TOTAL CHARGES | 2475.93 |
| LESS INSURANCE | 0.00 |
| SALES TAX | 55.97 |
| PLEASE PAY THIS AMOUNT | 2531.90 |

NOTICE TO CONSUMER
STATEMENT OF DISCLAIMER
AUTHORIZED REVISED ESTIMATE
ORIGINAL ESTIMATE
CUSTOMER SIGNATURE
CUSTOMER SIGNATURE
NOTICE TO CONSUMER: PLEASE READ IMPORTANT INFORMATION ON BACK

CUSTOMER COPY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Margaret M. Morrow_____ and the assigned Magistrate Judge is _____Patrick J. Walsh_____ .

The case number on all documents filed with the Court should read as follows:

## CV14-2363-MMM(PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____March 27, 2014_____
Date

By ____C. Sawyer____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

Robert L. Starr, Esq. (State Bar Number 183052)
email: robert@starrlawmail.com
THE LAW OFFICE OF ROBERT L. STARR
23277 Ventura Boulevard
Woodland Hills, California 91364
Telephone:(818) 225-9040 Facsimile: (818) 225-9042

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISH HERREMANS, individually, and on behalf of a class of similarly situated individuals,<br><br>PLAINTIFF(S)<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV14-2363 *MMM PJWx*<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>BMW OF NORTH AMERICA, LLC.</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, <u>Robert L. Starr, Esq.</u>, whose address is <u>23277 Ventura Boulevard, Woodland Hills, California 91364</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: __3-27-14__

Clerk, U.S. District Court

By _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TRISH HEREMANS, individually, and on behalf of a class of similarly situated individuals,

**DEFENDANTS**
BMW OF NORTH AMERICA, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

THE LAW OFFICE OF ROBERT L. STARR
23277 Ventura Boulevard, Woodland Hills, California 91364
Telephone: (818) 225-9040    Facsimile: (818) 225-9042

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Greater than $5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action pursuant to CAFA under various causes of action for violation of California Consumer protection statues and 15 USC section 2301 et seq.,

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV |  | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee |  | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions |  | ☐ 871 IRS-Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

CV14-2363

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| TRISH HEREMANS - Los Angeles County, California | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | BMW OF NORTH AMERICA, LLC - Bergen County, New Jersey |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date March 27, 2014

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |