1  Stephen M. Harris , Esq. (State Bar Number: 110626)
   email: stephen@smh-legal.com
2  LAW OFFICES OF STEPHEN M. HARRIS, P.C.
   6320 Canoga Avenue, Suite 1500
3  Woodland Hills, California 91367
   Telephone:  (818) 924-3103
4  Facsimile:   (818) 924-9079

5  Robert L. Starr, Esq. (State Bar Number: 183052)
   email: robert@starrlaw.com
6  Adam M. Rose, Esq. (State Bar Number: 210880)
   email: adam@starrlaw.com
7  THE LAW OFFICE OF ROBERT L. STARR, APC
   23277 Ventura Boulevard
8  Woodland Hills, California 91364
   Telephone: (818) 225-9040
9  Facsimile:  (818) 225-9042

10 Attorneys for Plaintiff
   TRISH HERREMANS, individually, and on behalf
11 of a class of similarly situated individuals

12                    UNITED STATES DISTRICT COURT
13        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
14

15 TRISH HERREMANS, individually, and    )  NO.   CV 14-2363-GW(PJWx)
16 on behalf of a class of similarly situated  )
   individuals,                          )  Assigned for All Purposes to
17                                        )  the Honorable George H. Wu
                Plaintiff,                )
18                                        )
         v.                               )  Courtroom 10
19                                        )
   BMW OF NORTH AMERICA, LLC,             )
20                                        )  Date Action Filed:   March 27, 2014
                Defendant.                )
21                                        )  **ORDER GRANTING**
                                          )  **PRELIMINARY APPROVAL OF**
22                                        )  **CLASS SETTLEMENT**
                                          )
23 _____ )
24

25

26        The parties to this litigation have entered into a Settlement Agreement dated in

27 November of 2015 ("Agreement"), which if approved, would resolve this action on a

28 class basis.  Plaintiff has filed a Motion for Preliminary Approval of the settlement

                                    -1-

4834-1651-6910.2

set forth in the Agreement, which Defendant BMW of North America, LLC ("BMW" or "Defendant") supports. The Court has read and considered the Motion for Preliminary Approval, the parties' memoranda in support, the supplemental papers submitted in support thereof, the Agreement, the declaration of Stephen M. Harris, and the supplemental declaration of Stephen M. Harris and all exhibits thereto, and finds there is a sufficient basis for granting preliminary approval of the Settlement, directing that notice be disseminated to the Class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1.    All defined terms used in this Order have the same meanings as set forth in the Agreement.

2.    The Court preliminarily certifies, for settlement purposes only, the following Settlement Class (the "Class") pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

Class: All persons throughout the United States who currently own or lease or who previously owned or leased a Class Vehicle, which include MINI R55, R56, R57, R58, R59, and R60 vehicles, made for sale and/or lease in the U.S. market, with a production date between October 2006 through November 2012 and that were sold or leased to a Class Member who registered and operated the vehicle in the United States or Puerto Rico:

3.    Excluded from the Class are:

MINI [BMW], its related entities, parent companies, subsidiaries and affiliates, and their respective officers, directors, and employees; (2) insurers of the Class Vehicles; (3) all persons and/or entities claiming to be subrogated to the rights of Class Members; (4) issuers or providers of extended vehicle warranties or extended service contracts; (5) individuals and/or entities who validly and timely opt-out of the Settlement; (6) consumers or businesses that have purchased Class

-2-

Vehicles previously deemed a total loss (i.e. salvage) (subject to verification through Carfax or other means); (7) current and former owners of a Class Vehicle who previously have released their claims against MINI with respect to the issues raised in the Litigation; (8) United States and Puerto Rico residents who have purchased Class Vehicles in the United States but have since transported the vehicle outside the United States for permanent use abroad; (9) any current or former owner or lessee of a Class Vehicle that has received or obtained a goodwill or warranty replacement of a Water Pump (unless the consumer had to pay or share in some portion of the cost of a goodwill replacement); (10) any judge to whom this matter is assigned, and his or her immediate family (spouse, domestic partner, or children); (11) individual or entities that have purchased and/or leased Class Vehicles as "fleet" vehicles (i.e. rentals or company vehicles); and (12) Class Vehicles that were involved in accidents that resulted in damage and subsequent need to replace a Water Pump.

4.      For purposes of simplicity in this Order, hereafter members of the Class will collectively be referred to simply as the "Class", "Class Member(s)" or the "Settlement Class."

5.      The Court appoints plaintiff Trish Herremans to serve as Class Representative.

6.      The Court appoints Stephen M. Harris of the law offices of Stephen M. Harris, P.C., and Robert L. Starr of the Law Offices of Robert L. Starr, APC, to serve as Class Counsel.

7.      The Court finds that, for the purpose of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class.  Joinder of all Class Members, consisting of the owners and lessees of all Class Vehicles distributed by BMW in the United States or Puerto Rico in a single proceeding would be impractical, if not impossible, because of their numbers and dispersion.  Common issues exist among Class Members and predominate over questions affecting only individual Class Members.  Plaintiff's claims are typical of

1   those of the Class, as Plaintiff does own or lease or has owned or leased a Class
2   Vehicle which experienced or may experience a mechanical water pump failure.
3   Plaintiff and her counsel will fairly and adequately protect the interests of the Class;
4   Plaintiff has no interests antagonistic to those of the Class, and has retained counsel
5   experienced and competent to prosecute this matter on behalf of the Class.  Finally, a
6   class settlement is superior to other available methods for a fair and efficient
7   resolution of the controversy.

8        8.    The certification of the Class for settlement purposes shall be without
9   force or effect if:  (a) the Court does not give final approval to the Settlement or does
10  not enter judgment substantially as contemplated in the Agreement; or (b) the
11  Court's approval of the Settlement and/or entry of a final approval order and
12  judgment are reversed or substantially modified on appeal.  The Settlement Class
13  shall then be deemed decertified and Defendant shall retain all of its rights to oppose
14  certification of this action.

15       9.    The Court preliminarily approves the parties' proposed Settlement,
16  finding that the terms of the Settlement are fair, reasonable, and adequate at this
17  point to warrant dissemination of notice to Class Members so that they can evaluate
18  the terms themselves, and to warrant the setting of a hearing to consider final
19  approval of the Settlement.  The Court finds that the settlement contains no obvious
20  deficiencies and that the parties entered into the Agreement in good faith, following
21  arms-length negotiation between their respective counsel.

22       10.   The Court hereby approves the form and procedures for disseminating
23  the settlement Notice to the Class Members as set forth in the Agreement.  The Court
24  finds that the Notice to be given constitutes the best notice practicable under the
25  circumstances, and constitutes valid, due, and sufficient notice to Class Members in
26  full compliance with the requirements of applicable law, including the Due Process
27  Clause of the United States Constitution.

28       11.   BMW shall arrange for the printing and mailing (via U.S. Mail) of the

1  class Notice to all Settlement Class members who are identified as current or former
2  registered owners or lessees according to the procedures set forth in the Agreement.
3  The notice procedures described in the Agreement are hereby approved.

4      12.   Such class Notice shall be mailed by the Settlement Administrator with
5  the Claim Form, in the form attached as exhibits 1 and 2 to the Supplemental Brief of
6  Plaintiff Trish Herremans and Defendant BMW of North America, LLC in Support
7  of Preliminary Approval of Class Settlement [Dkt. 63] ("Supplemental Brief"), and
8  pursuant to the procedures described in the Agreement. The Settlement
9  Administrator will maintain a website that contains information about the settlement
10  and copies of related documents, including the Class Notice and Claim Form, and
11  contact data of Class Counsel. The Settlement Administrator will also set up a toll-
12  free phone number available to Class Members who have questions about the claims
13  process or need additional information, and this information will include the contact
14  data of Class Counsel.  No later than 120 days after entry of the Preliminary
15  Approval Order, or no later than July 23, 2016, the Settlement Administrator shall (a)
16  cause individual notice, substantially in the form attached to the Supplemental Brief
17  as Exhibit 1, along with a Claim Form, substantially in the form attached to the
18  Supplemental Brief as Exhibit 2, to be mailed to each such identified Class Member
19  in a single mailing (i.e. when all Class Member contact information is available).

20      13.   As set forth in the Agreement, BMW shall bear all costs and expenses in
21  connection with providing notice to the Class and administering the Settlement,
22  including, but not limited to, all fees, costs, and expenses of the Settlement
23  Administrator to be selected by the parties.

24      14.   By letter dated December 18, 2015 and pursuant to the requirements of
25  28 U.S.C. § 1715(b), BMW NA served upon the appropriate State official of each
26  State in which a Class Member resides and the appropriate Federal official, a notice
27  of the proposed Settlement consisting of:

28          (a)   the original complaint and all amended complaints in this Action;

-5-

(b)     notice of the Fairness Hearing described below;

(c)     Plaintiff's Notice of Motion and Motion for Preliminary Approval of Class Action Settlement; and

(d)     The Declaration of Stephen M. Harris in Support of Motion for Preliminary Approval of Class Settlement and exhibits 1 through 6 attached thereto.;

(e)      A reasonable estimate of the proportionate share of the class members residing in each state

A copy of the BMW NA's notice pursuant to 28 U.S.C. § 1715(b) (without exhibits) was attached to the Supplemental Declaration of Stephen M. Harris ("Supplemental Harris Declaration").

15.     The Court finds, based on the Supplemental Harris Declaration, that there is no separate side agreement between the parties and/or their counsel, Fed. R. Civ. P. 23(e) (3) and 28 U.S.C. § 1715(b) (5), other than the fee division agreement referred to in that declaration.

16.     A hearing on entry of Final Approval of the Class Action Settlement and the award of fees and expenses to Class Counsel, and incentive payment to the Class Representative, as well as with respect to entry of judgment (the "Fairness Hearing") shall be held on November 28, 2016 at 8:30 a.m., in Courtroom 10 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California, 90012-4701.  At the Fairness Hearing, the Court will consider:  (a) whether the Action should be finally certified for class action settlement purposes; (b) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (c) whether a judgment granting approval of the Settlement should be entered; and (d) whether Class Counsel's application for attorneys' fees and expenses and an incentive award for the named Plaintiff should be granted.

17.     Any Class Member shall have the right to present a Claim pursuant to the terms of the Settlement, and, to do so, shall post-mark, email or transmit by facsimile the Claim Form to the Claims Administrator no later than October 10,

-6-

1 | 2016.

2 |       18.    Any Class Member shall have the right to opt out of the Class and the

3 | settlement by sending a written request for exclusion from the Class to the

4 | address(es) listed in the Class Notice, postmarked no later than 45 days after mailing

5 | of the Class notice, that is, no later than August 26, 2016.  To be effective, the

6 | request for exclusion (or opt-out request) must:   (a) state the Class Member's full

7 | name and current address, the model year and make of the Class Vehicle, the

8 | approximate date of purchase or lease of the Class Vehicle, the Vehicle Identification

9 | Number ("VIN") and (b) clearly set forth his/her/its desire to be excluded from the

10 | Settlement and from the Settlement Class. Any Settlement Class member who

11 | submits a timely and valid request for exclusion will not be entitled to participate in

12 | the Settlement and cannot object to the Settlement.  Any Settlement Class member

13 | who does not submit a timely and valid exclusion request shall be subject to and

14 | bound by the Settlement and every order or judgment entered concerning the

15 | Settlement.

16 |       19.    Any Settlement Class member who intends to object to final approval of

17 | the Settlement or the Fee Application must, on or before 45 days after mailing of the

18 | Class Notice, or no later than August 26, 2016, serve such objection to the Claims

19 | Administrator at the addresses provided in the Class Notice.  Any objection to the

20 | Settlement must include the following information concerning the objector: (i) full

21 | name, address and telephone number; (ii) documentation sufficient to establish

22 | membership in the class, (iii) a statement of the objection(s) asserted, including the

23 | factual and legal grounds for each such objection; (iv) and copies of any documents

24 | the objector wishes to submit in support of his or her position. If the objector intends

25 | to appear at the Fairness Hearing, the objecting Class Member must serve upon all

26 | counsel designated in the Class Notice, and file with the court a Notice of Intention

27 | to Appear at the Fairness Hearing ("Notice of Intention to Appear").  The Notice of

28 | Intention to Appear shall be served and filed no later than 45 days after the mailing

1   of the Class Notice, or no later than August 26, 2016. The Notice of Intention to

2   Appear must: (i) furnish all exhibits, papers, or other evidence the Class Member

3   and/or his/her/their attorney intends to offer in support of the objection.

4          20.     Any Class Member who does not provide an Objection and/or Notice of

5   Intention to Appear in complete accordance with the deadlines and other

6   requirements set forth herein and in the Class Notice will be deemed to have waived

7   any objections to the Settlement and shall be barred from speaking or otherwise

8   presenting any views at the Fairness Hearing or from pursuing any appeals, subject

9   to approval of the Court.

10         21.     The Claims Administrator shall provide to BMW and Class Counsel no

11  later than October 24, 2016, a list of all conditionally approved Claims.

12         22.     Counsel for the respective parties shall file memoranda, declarations, or

13  other statements and/or materials in support of the request for final approval of the

14  parties' Settlement, no later than 28 days prior to the Final Approval hearing (i.e., by

15  October 31, 2016).

16         23.     Class Counsel shall file an application for an award of attorneys' fees

17  and costs not to exceed $692,500 and for an incentive award not to exceed $2,500.00

18  ("Fee Application") no later than 28 days prior to the Final Approval hearing (i.e., by

19  October 31, 2016).

20         24. Counsel for the parties shall promptly furnish to each other any and all

21  objections, written requests for exclusion or any related documents that come into

22  their possession.

23         25.     The last day for counsel to file correspondence and any other documents

24  received from opt-outs and objectors shall be 10 days prior to the Final Approval

25  hearing (i.e., by November 18, 2016). Counsel for the parties shall file and serve any

26  Reply to the Objections no later than November 14, 2016.

27         26.     This Order shall become null and void, and shall be without prejudice to

28  the rights of the Parties, all of whom shall be restored to their respective positions

existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement; or (ii) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason.  In such event, the proposed Settlement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order shall be used or referred to for any purpose whatsoever.

27.   The Court reserves the right to approve the Agreement with such modifications as may be agreed by the Parties and without requiring further notice to Class Members.

28.   The Court reserves the right to continue the date of the Fairness Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the website maintained by the Settlement Administrator, and the parties shall not be required to re-send or re-publish the notices.

29.   All further proceedings in this litigation (including, but not limited to, any existing discovery obligations) are ordered stayed until final approval of the Settlement or termination of the Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the settlement.

**IT IS HEREBY ORDERED**.

Dated:  March 18, 2016

_____
GEORGE H. WU, U.S. District Judge

4834-1651-6910.2