1  to be a reasonable compromise").

2  **2. The Risks Inherent In Continued Litigation And Trial Support**
3  **Final Approval**

4       The relief available to Class Members meets and exceeds the fair, reasonable
5  and adequate standard of Rule 23. This is especially true since Defendant vigorously
6  disputed Plaintiff's claims and there was a significant risk of non-recovery or a
7  recovery substantially less than the benefits afforded Class Members under this
8  Settlement. By settling now, rather than proceeding to trial, Class Members will not
9  have to wait (possibly years) for their relief and will not have to bear the risk that
10 class certification is denied or that Defendant prevails at trial. There are significant
11 risks associated with any case seeking class-wide relief.

12      While Plaintiff has confidence in her claims, BMW has raised a number
13 of substantive defenses, including, among others, a defense that BMW had no duty
14 to disclose the defect to consumers, and that Plaintiff cannot prove the alleged defect
15 is safety related. (See Dkt. 47 and *Daugherty v. American Honda Motor Co.*, 144
16 Cal. App. 4th 824 (Cal. Ct. App. 2006)); Harris Declaration, ¶ 35.) The settlement
17 eliminates any potential risk of non-recovery if BMW were to prevail on these
18 defenses. (*Browning v. Yahoo!, Inc.*, No. 04-cv-1463, 2007 WL 4105971, at * 14
19 (N.D. Cal. Nov. 16, 2007) (holding that "legal uncertainties at the time of settlement-
20 particularly those which go to fundamental legal issues-favor approval").)

21      If the parties had been unable to resolve this case through settlement, the
22 continued litigation would have been expensive and lengthy, requiring significant
23 and costly involvement from expert witnesses. (Harris Declaration, ¶ 35; see *Hanlon*,
24 150 F.3d at 1025 (holding that district court should evaluate the settlement in light of
25 "the risk, expense, complexity, and likely duration of further litigation").) The
26 settlement, by contrast, provides immediate relief. This factor thus also supports
27 approval. (*Id.*; *Browning*, 2007 WL 4105971 at * 10 (holding that settlement
28 approval was proper where "further litigation before this Court would be time

1 consuming, complex, and expensive").

2  Indeed, a brief survey of the outcomes of recent automobile defect class

3 actions underscores the enormous risks attendant to such an undertaking. (See, e.g:

4 *Daugherty v. American Honda Motor Co.*, 144 Cal.App: 4th 824 (2006), (affirming

5 judgment of dismissal on demurrer); *In Re General Motors Dex-Cool Products*

6 *Liability Litigation*, 241 F.R.D. 305 (S.D. Ill. 2007) (nationwide class certification

7 denied in a case involving defective intake manifold gaskets; class counsel ultimately

8 achieved a nationwide settlement after spending 58,500 hours and $1.55 million in

9 litigation costs to certify state classes in three state courts and prepare those cases for

10 trial); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1019 (7th Cir. 2002)

11 (nationwide class certification denied in Ford Explorer roll-over litigation, which

12 ultimately settled for coupons after 7 years of litigation, including a 50-day bench

13 trial in California state court); *Edwards v. Ford Motor Co.*, 2012 WL 2866424 (S.D.

14 Cal. June 12, 2012) (certification denied under California law in automobile defect

15 case).[3])

16  Therefore, the relief offered in the Settlement—especially when measured

17 against the potential weaknesses of Class Members' claims, the risk that the Class

18 would not be certified for trial, and the time and expense that would be required to

19 proceed through trial—is highly beneficial to the Class and provides a strong basis

20 for final approval.

21  **3.  The Settlement Eliminates Any Risk of Maintaining Class Action**

22  **Status Throughout the Trial.**

23  The settlement eliminates any risk that further discovery might raise

24  ───────────────

25 [3] See, also, *Samuel-Bassett v. Kia Motors America, Inc.*, 34 A.3d 1 (Penn. Dec 2,
2011) (nearly 12 years after the commencement of the action following, among

26 other things, a contested motion for class certification, trial, post-trial motions, and

27 appeal to the Superior Court, the Supreme Court of Pennsylvania affirmed an award

28 of $600 to each class member which was based on the class vehicle having a useful
life of 100,000 miles).

1 manageability concerns that would cause the Court to reevaluate class certification.

2      This factor also weighs in favor of approval of the settlement. (*Browning*,

3 2007 WL 4105971 at * 11 (holding that settlement approval was proper where there

4 was a risk that settlement approval might not be maintained through trial.))

5      Plaintiff's Counsel believes that this case is appropriate for class certification

6 in the litigation context. However, BMW would strongly oppose class certification

7 were the case to proceed. "The value of a class action depends largely on the

8 certification of the class, and…class certification undeniably represents a serious

9 risk for plaintiffs in any class action lawsuit." (*Acosta v. Trans Union, LLC*, 243

10 F.R.D. 377, 392 (C.D. Cal. 2007) (quoting *In re GMC Pick-Up Truck Fuel Tank*

11 *Prods. Liab. Litig.*, 55 F.3d 768 (3d. Cr. 1995)).)

12      In addition, there is always a risk that a Court would not find this action

13 suitable for certification as a nationwide class or a multi-state class. (See, e.g., *Mazza*

14 *v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) (the Ninth Circuit

15 reversed the certification of a nationwide class composed of consumers seeking

16 remedies under California's consumer protection laws); *Wal-Mart Stores, Inc. v.*

17 *Dukes*, 131 S. Ct. 2541 (2011).)[4]

18      Moreover, as noted above, many recent plaintiffs have not succeeded on class

19 certification motions. Even if class certification were granted, this ruling can always

20 be reviewed or modified before trial, and a class may be decertified at any time. (See,

21 e.g., *American Honda Motor Co., Inc. v. Superior Court*, 199 Cal. App. 4th 1367

22 (2011) (reversing class certification under California law in case involving

23 transmission defect); *Marcus v. BMW of N. Am., LLC*, 2012 WL 3171560 (3d Cir.

24 Aug.7, 2012) (reversing certification of consumer class action case

25 involving BMW vehicles equipped with allegedly defective run flat tires).)

26      The fact that Plaintiff secured the benefits for Class Members in the

27

28 [4] However, courts routinely approve nationwide settlements. (See, Docket No. 63, joint supplemental memorandum briefing propriety of nationwide settlement.)

1  Agreement, consisting essentially of extending the warranty, is especially significant
2  given these obstacles.

3        **4.    The Extent of Discovery and the Stage of the Proceedings Favor**
4              **Settlement Approval.**

5        Plaintiff in this litigation has undertaken an extensive investigation,
6  analysis, and discovery, so that Plaintiff and Class Counsel had adequate
7  information with which to evaluate their claims. (Harris Declaration ¶¶ 5-8, 11-22.)

8        Plaintiff reviewed voluminous documents, conducted pre-filing investigation,
9  and consulted and retained experts. Plaintiff also had extensive contact with class
10 members subsequent to the settlement. (*Id.*) All parties had a fair opportunity to
11 assess the strengths and weaknesses of their respective positions. Moreover, the
12 parties hired a respected mediator who assisted them in settling.

13       The stage of proceedings therefore also favors settlement approval. (*Browning*,
14 2007 WL 4105971, at * 11-12 (holding that stage of proceedings weighed in favor of
15 approval where "parties engaged in multiple rounds of mediation" and were thus
16 "well positioned to assess the strength of this case and the comparative benefits of
17 the proposed settlement").)

18       **5. The Recommendations of Experienced Counsel Favor Approval of**
19              **the Settlement.**

20       Class counsel, highly experienced in class-action and automobile product
21 defect litigation, view this as an excellent settlement. (Harris Declaration, ¶¶ 33-40;
22 see *Hartless v. Clorox Co.*, 273 F.R.D. 630 (S.D. 2011) ("The recommendations of
23 counsel are given great weight since they are most familiar with the facts of the
24 underlying litigation.") Furthermore, the parties reached the settlement in part via
25 arm's-length mediation sessions with retired Judge Infante, an experienced mediator,
26 showing that the settlement was not the result of collusion or bad faith. (Harris
27 Declaration, ¶¶ 23-26; see *Hanlon*,150 F.3d at 1029 (finding that "the court relied on
28 the mediator as independent confirmation that the fee was not the result of collusion

1   or a sacrifice of the interest of the class"); *Satchell v. Fed: Exp. Corp.*, No. 03-cv-
2   2659, 2007 WL 1114010, at \*4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an
3   experienced mediator in the settlement process confirms that the settlement is non-
4   collusive.").)

5        **5.   No Attorneys General Object to the Settlement.**

6        Notice of the settlement was provided to the Attorney General of the United
7   States and the Attorneys General of each state in which a Settlement Class member
8   resides, as required by the Class Action Fairness Act, 28 U.S.C. §1715. (Docket, No.
9   63-8.) No Attorneys General object to the settlement and this factor therefore
10  also favors approval. (*Browning*, 2007 WL 41059'71 at \* 12 (holding that where
11  governmental agencies were given notice of the settlement and did not object, factor
12  weighed in favor of settlement; Harris Declaration, ¶ 31.))

13       **6.   Class Members' Positive Reaction Supports Final Approval**

14       The Representative Plaintiff supports the settlement. (See, declaration
15  of Plaintiff.) Of the over 594,000 class members notified of the settlement, only 112,
16  an infinitesimal percentage, have opted out. No objections to the settlement have
17  been made (two objections were made and withdrawn). (Haan Decl., ¶¶ 11-12;
18  Harris Declaration, ¶ 31.) The absence of any objections indicates that the class
19  supports the settlement, weighing in favor of approval. (See *Hanlon*, 150 F.3d at
20  1027 ("[T]he fact that the overwhelming majority of the class willingly approved the
21  offer and stayed in the class presents at least some objective positive commentary as
22  to its fairness"); *In re Netflix Privacy Litig.*, No. 11-cv-00379, 2013 WL 1120801, at
23  \*8 (N.D. Cal. March 18, 2013) (holding that low rates of opt-outs and objections
24  weighed in favor of settlement approval).)

25       The reality is that any case against a major automotive manufacturer alleging a
26  defect in thousands of vehicles has the potential to take up significant amounts of the
27  Court's and the parties' resources. In addition, if the case were to proceed, Plaintiff
28  would need to retain multiple experts resulting in significant additional expenses.

-22-

1    Given the favorable terms of the settlement and the rigorous manner in which
2    these terms were negotiated, the proposed settlement is a fair, reasonable and
3    adequate compromise of the issues in dispute and merits final approval.

4                              **IV. CONCLUSION**

5    The parties have negotiated a fair and reasonable settlement that almost
6    certainly never would have been arrived at but for the use of a class action as a
7    procedural device, a dedicated and informed Class Representative and experienced
8    Plaintiff's counsel. Final Approval should thus be granted.

9
     Dated: November 7, 2016              LAW OFFICES OF STEPHEN M. HARRIS,
10                                        P.C.

11

12                                   By:    /s/ Stephen M. Harris
13                                          Stephen M. Harris
                                            Attorneys for Plaintiff
14                                          TRISH HERREMANS,
                                            individually, and on behalf of a class
15                                          of similarly situated individuals

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-