Stephen M. Harris, Esq. (State Bar Number: 110626)
email: stephen@smh-legal.com
LAW OFFICES OF STEPHEN M. HARRIS, P.C.
6320 Canoga Avenue, Suite 1500
Woodland Hills, California 91367
Telephone: (818) 924-3103
Facsimile: (818) 924-9079

Robert L. Starr, Esq. (State Bar Number: 183052)
email: robert@starrlaw.com
Adam M. Rose, Esq. (State Bar Number: 210880)
email: adam@starrlaw.com
THE LAW OFFICE OF ROBERT L. STARR, APC
23277 Ventura Boulevard
Woodland Hills, California 91364
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorneys for Plaintiff
TRISH HERREMANS, individually, and on behalf
of a class of similarly situated individuals

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| TRISH HERREMANS, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>Defendant. | NO. CV14-2363 GW(PJWx)<br><br>Assigned for All Purposes to the Honorable George H. Wu<br><br>Date: November 28, 2016<br>Time: 8:30 a.m.<br>Ctrm: 10<br><br>**NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT; MEMORANDUM OF POINTS AND AUTHORITES** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 28, 2016 at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the above-entitled

Court, located at 312 North Spring Street, Los Angeles, CA 90012, Plaintiff Trish Herremans ("Plaintiff" or "Herremans") will and hereby does move this Court, for entry of an order awarding attorneys' fees, costs, and the class representative incentive award. Plaintiff brings this motion pursuant to Rule 23(h) of the Federal Rules of Civil Procedure on the grounds that the parties' Settlement Agreement authorizes the award, which is also warranted under, inter alia, the Consumers Legal Remedies Act, Civil Code section 1780(e), and the Private Attorney General Statute, California Code of Civil Procedure Section 1021.5.

This Motion is based upon: (1) this Notice of Motion and Motion; (2) the attached Memorandum of Points and Authorities; (3) the Declaration of Stephen M. Harris; the Declaration of Jennifer McNulty, the declaration of Ann Haan, the declaration of Plaintiff; (4) the [Proposed] Order Granting Final Approval of Class Action Settlement, filed concurrently herewith; (5) the records, pleadings, and papers filed in this action; and (6) upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this Motion.

This motion was not preceded by a meet and confer conference with defense counsel pursuant to Local Rule 7-3 since Defendant does not oppose the motion.

Dated: November 7, 2016           LAW OFFICES OF STEPHEN M. HARRIS, P.C.

                                  By: /s/ Stephen M. Harris
                                  Stephen M. Harris
                                  Attorneys for Plaintiff
                                  TRISH HERREMANS,
                                  individually, and on behalf of a class
                                  of similarly situated individuals

Case 2:14-cv-02363-GW-PJW   Document 70   Filed 11/07/16   Page 3 of 8   Page ID #:931

## Table of Contents

I. INTRODUCTION ............................................................................................................. 4

II. FACTS AND PROCEDURE ........................................................................................... 5

    A.    Named Plaintiff's Purchase of a Class Vehicle with Water Pump Defect ................................................................................... 5

    B.    Class Members Similar Experience ................................. 6

    C.    Plaintiff's Allegations in FAC Regarding the Water Pump Defect ..................................................................................... 7

    D.    The Class Action Complaint Against BMW ................... 9

    E.    The Negotiations Concerning Class Counsel's Fees And Costs ............................................................................... 10

    F.    Preliminary Approval ....................................................... 10

    G.    Investigation And Discovery ............................................ 11

    H.    Provision Of Settlement Relating To Fees, Costs and Enhancements ........................................................ 12

    I.    Claim Administration/Notice ............................................ 13

II. ARGUMENT ................................................................................................................... 13

    A.    As The Requested Fee Is The Product Of Arm's-Length Negotiations And Will Not Reduce The Benefits To The Class, It Is Entitled To A Presumption Of Reasonableness .............. 13

    B.    The Fee Award Is Governed By California Law .................................................................. 15

    C.    Evaluation Of The Fee Request Under California's Lodestar-Multiplier Approach Confirms The Presumption That The Fee Is Reasonable ........................................................ 15

    D.    Factors Used To Consider Upward Multiplier Justify The Fee In This Case ............................................................. 20

        1.    Plaintiff's Counsel Conferred A Significant Benefit On A Large Class Of Persons. ................................................... 21

        2.    Class Counsel Displayed Skill In Representing Plaintiff's Claims and In Negotiating the Settlement. ........... 21

    3.    Class Counsel Bore Considerable Risk and Forewent Employment Opportunities.................................................. 22

E.    Multipliers Awarded By Both California And Federal Courts Demonstrate That The Fee Is Reasonable .......................... 24

F.    The Additional Work Required Of Class Counsel Will Also Operate As A Negative Multiplier................................. 24

G.    A Cross-Check Based On The Percentage Of The Fund Analysis Also Establishes The Fee Is Reasonable........................ 24

H.    The Incentive Award To The Class Representative Is Appropriate ................................................................. 25

III. CONCLUSION ........................................................................................... 26

## Table of Cases

*In Re. Bridgestone/Firestone, Inc.*, 288 F.3d 1012 (7th Cir. 2002) .................. 21

*Calloway v. Cash Am. Net of California LLC*, 2011 WL 1467356 (N.D. Cal. Apr. 12, 2011) .................. 13

*Carter v. Anderson Merchandisers, LP*, 2010 U.S. Dist. LEXIS 55629 (C.D. Cal. May 11, 2010) .................. 25

*Cazares v. Saenz*, 208 Cal.App.3d 279, 288 (1989) .................. 21

*Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43 (2008) .................. 22

*Craft v. County of San Bernardino*, 2008 US. Dist. LEXIS 27526 (C.D. Cal. Apr. 1, 2008) .................. 22

*Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136 (E.D. Pa. 2000) .................. 23

*Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824 (2006) .................. 21

*Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794 (1996) .................. 16

*Edwards v. Ford Motor Co.*, 2012 WL 2866424 (S.D. Cal. June 12, 2012) .................. 21

*Garst v. Franklin Life Ins. Co.*, 1999 U.S. Dist. LEXIS 22666 (N.D. Ala. June 25, 1999) .................. 13

*Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1993) .................. 18

*Gezalyan v. BMW of North America, LLC*, 697 F. Supp. 2d 1169 (C.D. Cal. 2010) .................. 14

*Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553 (2004) .................. 19

*Hoirup v. Prof'l Eng'rs in Cal. Gov't*, 2006 U.S. Dist. LEXIS 73814 (E.D. Cal. 2006) .................. 12

*Hopson v. Hanesbrands Inc.*, CV-08-0844 EDL, 2009 U.S. Dist. LEXIS 33900 (N.D. Cal. Apr. 3, 2009) .................. 24

*In re Businessland Sec. Litig.*, 1991 WL 427887 (N.D. Cal. June 14, 1991) .................. 16

*In re Consumer Privacy Cases*, 175 Cal. App. 4th 545 (2009) .................. 19,22

*In re First Capital Holdings Corp. Financial Products Securities Litigation*, 1992 U.S. Dist. LEXIS 14337 (C.D. Cal. 1992) .................. 13

*In Re General Motors Dex-Cool Products Liability Litigation*, 241 F.R.D. 305 (S.D. Ill. 2007) .................. 21

*In re Lifelock, Inc. Mktg. & Sales Practices Litig.*, 2010 WL 3715138 (D. Ariz. Aug. 31, 2010) .................. 13

*In re Mega Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) .................................. 24

*In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010) ............. 13

*In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 (9th Cir. 1994) .................................................................................................................... 17

*Ketchum v. Moses*, 24 Cal.App. 1122 (2001) .................................................................. 18

*Laffitte v. Robert Half Intern. Inc.*, 205 Cal.Rptr.3d 555 (2016) .............................. 15

*Lealao v. Beneficial California*, 82 Cal.App.4th 19 (2000) ...................... 15, 19, 20

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2nd Cir. 1998) ................................. 17

*Mangold v. California Public Utilities Commission*, 67 F.3d 1470 (9th Cir. 1995) .................................................................................................................... 14

*Minor v. Christie's, Inc.*, 2011 WL 902235 (N.D. Cal. 2011) ................................... 18

*Ramos v. Countrywide Home Loans, Inc.*, 82 Cal.App.4th 615 (2000) ................. 15

*Samuel-Bassett v. Kia Motors America, Inc.*, 34 A.3d 1 (Penn. Dec. 2, 2011) ................................................................................................................................ 22

*Serrano v. Priest* 20 Cal. 3d 25 (1977) ................................................ 15, 18, 19, 21

*Shames v. Hertz Corp.*, 2012 U.S. Dist. LEXIS 158577 (S.D. Cal. Nov. 5, 2012) ................................................................................................................................ 14

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ..................................................... 23

*U.S. v. Ford Motor Corp.*, 453 F. Supp. 1240 (D. D.C. 1978) .................................... 5

*United States v. General Motors Corp.*, 417 F. Supp. 933 (D.D.C. 1976) ............. 5

*US. v. General Motors Corp.*, 518 F.2d 420 (C.A.D.C. 1975) .................................... 5

*Van Vraken v. Atlantic Richfield Co.*, 901 F. Supp. 294 (ND. Cal. 1995) ............. 24

*Villegas v. J.P. Morgan Chase & Co.*, 2012 U.S. Dist. LEXIS 114597 (N.D. Cal. Aug. 8, 2012) .......................................................................................... 24

*Vizcaino v. Microsoft Corp*, 290 F.3d 1043 (9th Cir. 2002) ..................................... 23

*Vo v. Las Virgines Mun. Water Dist.*, 79 Cal.App.4th, 440 (2000) ......................... 15

*Wash. Pub. Power Supply Sys. Litig.*, 19 F.3d 1291 (9th Cir. 1994) ..................... 23

*Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128 (1998) ................................... 15

*Wershba v. Apple Computers, Inc.*, 91 Cal. App. 4th 224 (2001) .................... 15, 16

*X-Ray Film Antitrust Litig.*, 1998 WL 1031494 (Oct. 22, 1998) .............................. 16

**Statutes**

Business & Professions Code Section 17200 ............................................................. 14

Cal. Civ. Code Section 1780(d) ................................................................................. 14

Fed. R. Civ. P. 23(h) .................................................................................................. 14

California Code of Civ.Proc, Section 1021.5 ...................................................... 14,15

**Other Authorities**

Leubsdorf, *The Contingency Factor In Attorney Fee Awards*, 90 Yale
L.J. 473 (1981) ..................................................................................................... 21

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Herremans brings this action on behalf of a nationwide class of current and former owners and lessees of certain Mini Cooper Vehicles, with production dates from October of 2006 through November of 2012, which were distributed by BMW of North America, LLC ("BMW"). She alleges that defects in the design, manufacture, and assembly of mechanical water pumps installed in the class vehicles resulted in the engines overheating and potential catastrophic engine failure of the Class Vehicles. Plaintiff further alleges that the water pump failure is due to the sealed two roll ball bearing system installed in the mechanical water pumps ("Water Pump Defect") (Docket No. 58-5, Fourth Amended Complaint ["FAC"] ¶¶ 4-8.)

Plaintiff and BMW settled the nationwide class claims and the court granted preliminary approval of the settlement on March 18, 2016. As part of the settlement, BMW has agreed to reimburse all class members who have, or will, incur costs in connection with repairing or replacing failed mechanical water pumps. BMW's obligations are based upon the payment and reimbursement provisions of the Agreement, more fully described below and in the Agreement attached as exhibit 1. (See, Exhibit 1 to Harris Declaration).

The settlement provides Class Members with remedies similar to what they could expect to receive if the case were successfully tried, but without the delay and risks associated with trial, and it should therefore be approved.

Plaintiff now moves for approval of her attorneys' fees and costs (in the amount of $692,500) and for a class representative award for Plaintiff of $2,500, which were items negotiated separately only after all other aspects of the Settlement were agreed to by the parties. The parties ultimately agreed that, subject to Court approval, Defendant would pay attorneys' fees, expenses, and costs of up to $692,500. (See Agreement, § I, 12), § IX).)

The Court's function under Rule 23(h) is to ensure that the parties' agreement